IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TYRONE LUCAS WHEAT                                                 PLAINTIFF

V.                            CASE NO. 5:19-CV-05128

SHERIFF SHAWN HOLLOWAY, *et. al.*                       DEFENDANTS

## ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

Plaintiff filed his Complaint on July 12, 2019. (Doc. 1). On April 27, 2020, Defendants filed a Motion for Summary Judgment. (Doc. 32). On April 30, 2020, the Court entered an Order directing Plaintiff to file his Response to the motion by May 21, 2020. (Doc. 36). Plaintiff was advised that failure to submit his Response by the deadline would result in either Defendants' facts being deemed admitted or in the dismissal of his case. *Id*. This Order was not returned as undeliverable. To date, Plaintiff has failed to file his Response and has failed to otherwise communicate with the Court.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

1

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with a Court Order and failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

For these reasons, **IT IS ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** on this 24th day of June, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE